IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

      Plaintiff,                        No. CIV S-06-2553 RRB EFB P

      vs.

JOHN DOVEY, et al.,

      Defendants.               FINDINGS AND RECOMMENDATIONS

                                 /

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. His first amended complaint, filed June 7, 2007[1], alleges that the presence and interference of medical technical assistants, correctional officers, and other staff during Medication-Line interviews with his treating psychiatrist violate his right to confidentiality, thereby adversely affecting his treatment in violation of the Eighth Amendment to the United States Constitution. The court screened plaintiff's complaint, and on July 10, 2007, dismissed plaintiff's complaint with leave to amend, for failure to state a claim.

       Plaintiff filed a second amended complaint on August 7, 2007. The court has reviewed that complaint pursuant to 28 U.S.C. § 1915A and, for the reasons set forth in the court's July

---

[1] Plaintiff filed his original complaint on November 15, 2006, which the court did not screen prior to the filing of his amended complaint.

1

10, 2007, order, finds that it, too, fails to state a claim for relief.  The second amended complaint simply restates the previously dismissed, noncognizable claim that a lack of confidentiality in his psychiatric appointments, due to the presence of auxiliary psychiatric personnel and corrections officers, is depriving him of a constitutional standard of care under the Eighth Amendment.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   August 31, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE