IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>               Plaintiff,<br><br>vs.<br><br>JOHN DOVEY, *et al.*,<br><br>               Defendants. | No. 2:06-cv-02553-JKS-EFB<br><br>ORDER |

       Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On August 31, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days. Plaintiff has filed objections to the Findings and Recommendations.[1]

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

       In his objections Plaintiff does nothing more than reiterate his claim that he is being denied "confidential mental health interviews." Assuming, without deciding, that Plaintiff is correct in his claim that the policy and procedures of the California Medical Facility violate

---

[1] Although untimely, the Court has nonetheless considered Plaintiff's objections. The Court notes that the record reflects the reason Plaintiff did not receive the Findings and Recommendations when initially mailed to his address of record is because the Court did not receive his notice of change of address until more than three weeks after the notice was mailed to him at his former place of confinement.

certain provisions of California law, they do not give rise to a civil rights action under § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

As the Magistrate Judge correctly noted in his order at Docket No. 9 dismissing the first amended complaint with leave to amend, there is no clearly recognized right to privacy as to prisoner's medical information under the Constitution or federal law. Even to the extent that Plaintiff has such a right, it is subject to limitation and restriction to the extent it is reasonably related to legitimate penological interests. *Prison Legal News v. Lehman*, 397 F.3d 692, 299 (9th Cir. 2005). The persons Plaintiff seeks to exclude from psychological/psychiatric interviews are the psychiatric technicians, nurses, medical technical assistants, and correctional officers. As was explained in the responses to Plaintiff's administrative appeal, psychiatric technicians, nurses, and medical technical assistants are part of the treatment team, inclusion of whom in the interview is a medical decision, while the presence of correctional officers is a security matter.[2] To the extent the relief sought seeks to exclude medical support personnel, the Court would be unnecessarily injecting itself into the realm of appropriate medical treatment and procedures, an area in which it lacks any degree of expertise.[3] The presence of correctional officers to maintain institutional security and protection is a legitimate penological purpose. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Turner v. Safley*, 482 U.S. 78, 89 (1987). The conditions of which Plaintiff complains fall within the scope of those aspects of prison administration that "are not readily susceptible of judicial decree." *Procunier v. Martinez*, 416 U.S. 396, 404–05 (1974), *overruled in part*, *Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989). To the extent Plaintiff attempts to raise an Eighth Amendment cruel and unusual punishment claim, he falls far short. Plaintiff must show that the defendants acted with deliberate indifference to his serious medical

---

[2] Exhibits UU-4, UU-5, UU-12, and UU-13 attached to the Second Amended Complaint.

[3] In addition, as the responses noted, those auxiliary medical personnel were bound by the same confidentiality rules as was the treating psychiatrist.

needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with "deliberate indifference" the defendant must be aware of the facts from which the existence of substantial risk of harm could be inferred and he must draw that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has made no such allegations nor, under the facts as pleaded, could he make them. Plaintiff's complaint is principally that the presence of persons other than the psychiatrist inhibits his ability to discuss matters he considers confidential, and that as a consequence he may not receive the proper treatment. A disagreement with the mode or method of treatment does not amount to a deliberate indifference to a serious medical condition under *Estelle-Farmer*. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004), citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed August 31, 2007, are adopted in full;
2. The Complaint is DISMISSED, with prejudice, for failure to state a claim; and
3. The Clerk of the Court to enter final judgment accordingly.

Dated: March 11, 2008.

    s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge